UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMILLAH A.,

Plaintiff,

vs.

6:25-CV-751
(MAD/DJS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LEGAL AID SOCIETY OF MID-NEW YORK**<br>120 Bleecker St<br>Utica, New York 13501<br>Attorney for Plaintiff | **PETER ZISSER, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION OFFICE OF GENERAL COUNSEL**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | **NATASHA OELTJEN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, Jamillah A., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Social Security Disability Insurance Benefits and Supplemental Security Income. *See* Dkt. No. 1. In a Report-Recommendation and Order dated July 21, 2026, Magistrate Judge Daniel J. Stewart recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the

Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. *See* Dkt. No. 16.

Neither party filed objections to Magistrate Judge Stewart's recommendations. When no objection is made, the Court subjects a report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation and Order. The Court incorporates by reference Magistrate Judge Stewarts' discussion of the facts underlying the case as well as the statutes and other legal authorities applicable to Plaintiff's claims. As Magistrate Judge Stewart found, reversal and remand are warranted because the Administrative Law Judge ("ALJ") failed to sufficiently (1) address conflicts in medical providers' discussions of Plaintiff's activities of daily living ("ADL"), and (2) resolve potential conflicts between the vocational expert's ("VE") testimony and certain limitations in Plaintiff's residual functional capacity ("RFC).

First, the Court agrees that the ALJ's discussion of a medical opinion from Dante Alexander, M.D. is insufficient because the ALJ did not compare Dr. Alexander's ADL findings to contrary findings from another doctor, Rita Figueroa, M.D. *See* Dkt. No. 16 at 7-12; *see also David C. v. Comm'r of Soc. Sec.*, No. 6:23-CV-6510, 2024 WL 4347151, *17 (W.D.N.Y. Sept. 30, 2024) ("While an ALJ is not required to explicitly reconcile every conflicting shred of

evidence in the record, an ALJ cannot simply selectively choose evidence in the record that supports [his] conclusions. . . . An ALJ's failure to consider relevant evidence is grounds for remand") (collecting cases) (citations and quotation marks omitted). Magistrate Judge Stewart also correctly explained that the ALJ did not state whether he found Dr. Alexander's opinion to be persuasive, unpersuasive, or somewhere in between. *See* Dkt. No. 16 at 11. The ALJ did discuss whether Dr. Alexander's opinion was "support[ed] from his own" examination and consistent with other record evidence, but remand will provide the ALJ with an opportunity to clarify how persuasive those findings are and, in turn, how heavily those findings impact the RFC determination. *See Elizabeth G. v. Comm'r of Soc. Sec.*, No. 8:21-CV-411, 2022 WL 1689551, *7 (N.D.N.Y. May 26, 2022) ("Although the ALJ is not required to assign a specific 'weight' to a medical opinion, the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions'") (quoting 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)).

Second, as to the VE's testimony, Magistrate Judge Stewart correctly noted the disconnect between the jobs the VE testified that Plaintiff could perform and the ALJ's RFC which limited Plaintiff to walking or standing for only four hours in a workday. *See* Dkt. No. 16 at 13-15. Magistrate Judge Stewart then explained Plaintiff's argument that the RFC determination, which limited her to simple tasks, appeared inconsistent with the VE's job determinations, and concluded that remand is the appropriate remedy to allow the ALJ to address these purported discrepancies. *See id.* at 15-16. The Court finds no clear error in that conclusion. *Cf. Reilly v. Comm'r of Soc. Sec.*, No. 21-CV-8, 2022 WL 803316, *2 (2d Cir. Mar. 17, 2022) (summary order) (affirming the district court's decision which found that the ALJ did not err because "[t]he ALJ specifically

asked about both potential conflicts and the vocational expert provided explanations that included an analysis based on his own expertise and labor market surveys he conducted").

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 16) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Stewart's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 14, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge